## Commonwealth v. Montalvo

*Kevin A. Hess, Assistant District Attorney*, for Commonwealth.
*Richard C. Snelbaker*, for defendant.

SHUGHART, *P. J.*, June 24, 1975—On August 29, 1974, defendant was cited for a violation of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1002(b)(7), 75 P.S. §1002(b)(7), on the Pennsylvania Turnpike in Hopewell Township. Radar operated by a Pennsylvania State Trooper indicated the speed of the tractor-trailer driven by defendant

to be 67 miles per hour where 55 miles per hour was posted as the maximum for all vehicles. At a hearing before a district justice on November 8, 1974, defendant was found guilty. An appeal from the conviction was taken to this court and a hearing thereon was held January 28, 1975.

In Commonwealth v. Hyman, 69 Criminal 1975 (C. P. of Cumberland County, filed June 24, 1975), we held that the failure of the Pennsylvania Turnpike Commission to process the resolution of March 5, 1974 (reducing the speed limit for *passenger vehicles* to 55 miles per hour), as required by the Commonwealth Documents Law of July 31, 1968, P.L. 769, 45 P.S. §§1101, et seq., rendered the resolution invalid. That holding, however, does not provide any support for the position of defendant in the present appeal.

Contrary to defendant's contention, section 1002(b)(7) of The Vehicle Code clearly allows the Turnpike Commission to restrict vehicles to speeds below 70 miles per hour where official signs are erected.* Prior to the resolution in question, the commission had promulgated Rule II of the Traffic Regulations for the turnpike which provided:

"Passenger vehicles are limited to a speed of 65

---

*The Vehicle Code, sec. 1002(b)(7), states:

"(b) [S]peeds in excess of the [following] shall be unlawful:

" . . .

"(7) Seventy (70) miles an hour speed limit: All vehicles when being operated on highways under the supervision and control of a turnpike commission, except those restricted by this act to lower maximum speeds, and except when restricted to lower maximum speeds by such turnpike commission or any zones or sections thereof where official signs erected by such turnpike commission on the highway facing the traffic to be controlled are displayed."

miles per hour; all other vehicles to 55 ·miles per hour: EXCEPT that where a sign indicates a lesser speed NO VEHICLE may exceed the indicated speed."

It is evident that the only effect of the March 5, 1974 resolution was to reduce the speed for *passenger cars*. The resolution in no way dealt with the 55 mile-per-hour limit for all other vehicles. Defendant cannot benefit from the invalidity of the resolution relating to passenger vehicles. Defendant's conviction, therefore, may be sustained, depending upon the resolution of any factual issues raised on appeal.

## ORDER

And now, June 24, 1975, a hearing to determine the factual issues involved is fixed for Thursday, July 3, 1975, at 1:30 p.m., in Courtroom No. 1 of the Courthouse in Carlisle.